IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INDUSTRIA DE REFRIGERACION
COMERCIAL INDUFRIAL, S.A.,

    **Plaintiff,**

       **v.**

CANDIDO GUTIERREZ-GUZMAN d/b/a
GENERAL DISTRIBUTION,

    **Defendant.**

**CIVIL NO.** 12-2038 (FAB)

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the motion to dismiss pursuant to Federal
Rule of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)") filed by
defendant Candido Gutierrez-Guzman d/b/a General Distribution.  For
the reasons discussed below, the Court **GRANTS** defendant's motion
and dismisses this case, without prejudice.

I.    **BACKGROUND**

    A.    **Factual Background**

In its complaint, plaintiff Indufrial alleges the
following facts, which for the purpose of deciding defendant
Gutierrez's motion, the Court takes as true.  Merlonghi v. United
States, 620 F.3d 50, 54 (1st Cir. 2010):

---

[1]  Logan Brown, a second-year law student at Georgetown
University Law Center, assisted in the preparation of this
Memorandum and Order.

Plaintiff Industria de Refrigeracion Comercial Indufrial, S.A., d/b/a Indufrial S.A. ("plaintiff Indufrial") is a commercial enterprise constituted in accordance with the laws of Colombia, with its principal place of business in Cartegena de las Indias, Colombia. (Docket No. 1 at p. 1.) Defendant Gutierrez is a citizen of Puerto Rico, and he does business as, and is the owner of, a business enterprise called General Distribution, Inc. Id. General Distribution Inc. is a corporation duly organized in accordance with the laws of Puerto Rico, with its principal place of business in San Juan, Puerto Rico. Id. at p. 2.

Since at least 2006, defendant has had a non-exclusive distribution relationship with plaintiff Indufrial. (Docket No. 1 at p. 2.) In the past five years, defendant's purchases of products manufactured by plaintiff Indufrial exceeded $300,000. Id. at pp. 2-3. As part of the relationship, the parties agreed that full payment for invoices was to be made by the defendant on or before ninety days from the date of the bill of lading. Id. at p. 3. As of June 25, 2012, two bills of lading are past due, for a combined value of $45,653[2] — the first for $24,975, dated January 23, 2012, with BL number ZIMUCRT0009758; and the second for $20,678, dated March 27, 2012, with BL number ZIMUCRT0010033. Id.

---

[2] Plaintiff Indufrial's complaint lists $45,635 as the total owed. However, the two delinquent invoices add up to $45,653.

**B.   Procedural Background**

On December 21, 2012, plaintiff Indufrial filed a complaint seeking (1) damages for defendant's alleged breach of contract, and (2) a judgment declaring that the non-exclusive distribution contract with defendant is terminated for cause. (Docket No. 1.)

On December 26, 2012, the Court issued an order to show cause why this case should not be summarily dismissed for lack of subject matter jurisdiction.  (Docket No. 4.)  On January 8, 2013, plaintiff Indufrial submitted a motion in compliance with the order.  (Docket No. 5.)

On January 15, 2013, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In its motion, defendant alleges that plaintiff Indufrial fails to meet the amount in controversy required for diversity jurisdiction. (Docket No. 9.)  On January 29, 2013, plaintiff Indufrial opposed the motion, arguing that the amount in controversy is satisfied by aggregating its two claims.  (Docket No. 8.)[3]  On February 1, 2013, defendant filed a reply to plaintiff Indufrial's opposition.  It contends that plaintiff Indufrial fails to prove that it is not a

---

[3] The Court notes that plaintiff Indufrial's responses to the Court's order to show cause and the defendant's motion to dismiss are virtually identical. Neither adds additional facts that are not present in plaintiff Indufrial's initial complaint.

legal certainty that the declaratory claim involves less than the jurisdictional amount.  (Docket No. 12.)

## II.  DISCUSSION

### A.  STANDARDS

#### 1.  Rule 12(b)(1) Standard

Because federal courts are "courts of limited jurisdiction," a defendant may file a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction at any time. Padilla-Mangual v. Pavia Hosp., 640 F. Supp. 2d 128, 133 (D.P.R. 2009) (citing Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979).  When reviewing a motion to dismiss, a court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi, 620 F.3d at 54 (internal citation omitted).  When subject matter jurisdiction is challenged, however, the party asserting jurisdiction has the burden of proving it by a preponderance of the evidence.  See, e.g., Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992) (internal citation omitted).

#### 2.  Diversity Jurisdiction Standard

A district court has original jurisdiction over all civil actions between citizens of a state and citizens or subjects of a foreign state where the matter in controversy exceeds the sum of $75,000.00.  28 U.S.C. 1332(a)(2).  "[T]he Supreme Court's longstanding test for determining whether a party has met the

amount-in-controversy minimum [is] 'that, unless the law gives a
different rule, the sum claimed by the plaintiff controls if the
claim is apparently made in good faith.'" Spielman v. Genzyme
Corp., 251 F.3d 1, 5 (1st Cir. 2001) (citing St. Paul Mercury
Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)).  Pursuant to
the doctrine of aggregation, "[a] party asserting a claim . . . may
join, as independent or alternative claims, as many claims as it
has against an opposing party."  Fed. R. Civ. P. 18.

          "[A] plaintiff's general allegation of damages that
meet the amount requirement suffices unless questioned by the
opposing party or the court."  Spielman, 251 F.3d at 5.  If the
opposing party questions the damages allegation, then "'the party
seeking to invoke jurisdiction has the burden of alleging with
sufficient particularity facts indicating that it is not a legal
certainty that the claim involves less than the jurisdictional
amount.'"  Id.  (quoting Dep't. of Recreation & Sports v. World
Boxing Ass'n., 942 F.2d 84, 88 (1st Cir. 1991) (further citations
omitted).  This burden may be met by amending pleadings or
submitting affidavits.  Dep't. of Recreation & Sports, 942 F.2d
at 88.  When the defendant's motion to dismiss puts a plaintiff on
notice, a plaintiff must show "some basis for the amount of damages
they claimed."  Abdel-Aleem v. OPK Biotech, LLC, 665 F.3d 38, 42
(1st Cir. 2012) (quoting Diefenthal v. Civil Aeronautics Bd., 681
F.2d 1039, 1053 (5th Cir. 1982).  The ultimate inquiry is whether

the party can "meet the objective good faith standard, under which [a] plaintiff must show that 'to anyone familiar with the applicable law[,] this claim could objectively [be] viewed as worth' more than the jurisdictional minimum." Abdel-Aleem, 665 F.3d at 43 (quoting Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995).

"In an action for declaratory judgment, 'the amount in controversy is measured by the value of the object of the litigation.'" Dep't. of Recreation & Sports, 942 F.2d at 88 (quoting Hunt v. Wash. State Apple Adver. Comm'n., 432 U.S. 333, 347-48 (1977)).  In a suit seeking a declaratory judgment that a supplier can legally terminate a dealer agreement, the "object of the litigation" is the economic stake in the agreement. Gen. Motors, LLC v. Royal Motors Corp., 769 F. Supp. 2d 73, 76 (D.P.R. 2011) (recognizing that "when a plaintiff has a significant economic stake in continuing [a contract] that well exceeds the jurisdictional requirement, diversity is present") (internal quotations omitted).

   B.   ANALYSIS

        Defendant challenges the Court's subject matter jurisdiction by alleging that plaintiff Indufrial's complaint fails to meet the amount in controversy required for diversity jurisdiction. (Docket No. 8 at p. 1.)  The parties do not question that diversity of citizenship exists, and the Court finds that

diversity is met because plaintiff Indufrial is a citizen of Colombia, and defendant is a citizen of Puerto Rico. Id. Rather, the jurisdictional dispute turns on whether plaintiff Indufrial's alleged damages exceed $75,000.

Plaintiff Indufrial's complaint contains claims for two separate causes of action. (Docket No. 1 at p. 5.) The first, a breach of contract claim, calculates damages at $45,653. The second, a claim for declaratory judgment that the non-exclusive commercial relationship between the plaintiff and defendant is terminated for cause, calculates damages at $40,000. Id. at p. 3. Although neither claim meets the diversity jurisdictional requirement standing alone, the claims when aggregated satisfy the required $75,000 jurisdictional amount. See 28 U.S.C. § 1332; Fed. R. Civ. P. 18; Joseph E. Bennett Co. v. Trio Industries, Inc., 306 F.2d 546, 547 (1st Cir. 1962). Because plaintiff Indufrial's breach of contract claim calculates damages of $45,653, the Court turns to whether plaintiff Indufrial's declaratory judgment claim has a value greater than $29,347 (the amount required to exceed the statutory minimum of $75,000).

The "object" giving value to plaintiff's claim for declaratory judgment is the economic stake in the agreement. See Gen. Motors, LLC, 769 F. Supp. 2d at 76. Defendant questions plaintiff Indufrial's allegation that the value of the agreement exceeds $40,000, and thus suggests that the amount in controversy

does not exceed the statutory minimum of $75,000.  (Docket No. 8 at
p. 1.)  In an attempt to meet its burden of proving the amount in
controversy, plaintiff Indufrial produced an affidavit from
Guillermo Bernal — Indufrial's Vice President for Commerce and
Marketing — stating generally that "[d]uring the past five years
the purchases made by [defendant] exceed[ed] $300,000," and that
"[b]y information and belief, and based on Law 75,[4] interpretative
jurisprudence and volume of sales made to [defendant] during the
last five years, [plaintiff Indufrial] calculates the value of the
distribution contract in existence as one in excess of $40,000.00."
(Docket No. 9-1 at pp. 2-3.)

       Mr. Bernal's affidavit is insufficient to show that
plaintiff Indufrial has established that it is a legal certainty
that the declaratory judgment claim involves more than $29,347 and
that aggregating it to the breach of contract claim would reach the
jurisdictional amount.  Once defendant questioned the amount in
controversy, plaintiff Indufrial had the "burden of supplying

---

       [4] Plaintiff appears to rely on factors listed in P.R. Laws
Ann. tit. 10, § 278b ("Law No. 75" ) to value the dealer agreement.
The Court finds the statute inapposite. The statute's factors are
used to determine the extent of the damages caused to a *dealer*
(here, the defendant) by the *distributor* (here, Indufrial) for the
breach of the dealer's contract.  P.R. Laws Ann. tit. 10, § 278b
(1978).  Additionally, "the purpose of [Law No. 75] is to protect
the interest of commercial distributors working in Puerto Rico."
Gemco Latinoamerica, Inc. v. Seiko Time Corp., 623 F. Supp. 912,
918 (D.P.R. 1985).  Regardless, as discussed below, the information
provided by plaintiff Indufrial is insufficient to substantiate its
alleged damages.

specific factual allegations to support the amount in controversy requirement." Dep't. of Recreation & Sports of P.R., 942 F.2d 84, 90. (emphasis supplied) Defendant's motion to dismiss put plaintiff Indufrial "on notice" that it needed to demonstrate the value of the amount in controversy with specific factual allegations. It merely submitted one affidavit containing bald statements based on round numbers as to the value of the contract. The Court cannot glean from plaintiff Indufrial's submissions any basis for valuing the economic stake at $40,000. See Abdel-Aleem, 665 F.3d at 42. In short, plaintiff Indufrial's subsequent filings provide no specifics or basis for the alleged amount in controversy. Id. (noting that although itemized lists are not required to establish the amount in controversy when it is challenged, "we expect something more than bald statements and round numbers.").

        Because plaintiff Indufrial does not provide a specific factual basis to support the proposed amount in controversy, the Court cannot hold that anyone familiar with the applicable law could objectively view that the aggregate claims reach the jurisdictional minimum. Accordingly, defendant's motion to dismiss is **GRANTED.**

**III. Conclusion**

For the reasons discussed above, the Court finds that subject matter jurisdiction does not exist over this case.  Accordingly, the defendant's motion to dismiss is **GRANTED.**

This case is **DISMISSED without prejudice.**  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 3, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE